■ ALAN J. ROSENBERG, Respondent, v BANK OF NEW YORK, Respondent and Third-Party Plaintiff-Respondent. UNITED STATES FIDELITY AND GUARANTY COMPANY, Third-Party Defendant-Appellant. (And a Fourth-Party Action.)—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 4, 1992, which, *inter alia,* granted the motion of defendant and third-party plaintiff for summary judgment, unanimously affirmed, with costs.

We agree with the IAS Court's determination that the third-party defendant surety failed to come forward with evidentiary support for its claim that the indemnity bond could be rescinded. The terms of the bond are clear and unambiguous. The surety agreed to make the bank whole if it paid out to the wrong party, and the thrust of the plaintiff's suit is that the bank did just that. The plaintiff's present possession of the disputed depository receipts does not establish that the receipts were not stolen, lost or misplaced. There is no basis for the claim of mutual mistake, or the allegation that the bank is guilty of commercial bad faith. The surety did not act on the representations of the bank; rather the surety acted on the representations of the fourth-party defendants *(Federal Ins. Co. v Walker,* 74 AD2d 772, 773, *mod* 53 NY2d 24). In this regard, while fraud by a creditor touching a surety contract annuls it *(Matter of First Citizens Bank & Trust Co. v Estate of Sherman,* 250 App Div 339), the fourth-party defendant, not the bank, is the "creditor" in the circumstances presented. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.